## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

### Case No.  11-cv-312

DISH NETWORK L.L.C.,
ECHOSTAR TECHNOLOGIES L.L.C.,
and NAGRASTAR LLC,

          **Plaintiffs,**

    **v.**

MARK BENDER, individually
and d/b/a WWW.AAAFTA.COM,

          **Defendant.**

### FINAL JUDGMENT, PERMANENT INJUNCTION,
### AND ORDER FOR SEIZURE, IMPOUNDMENT, AND TURNOVER

### I.      NATURE OF THE CASE

DISH Network L.L.C., EchoStar Technologies L.L.C., and NagraStar LLC (collectively "Plaintiffs" or "DISH Network") brought this action against Defendant Mark Bender, individually and d/b/a www.aaafta.com ("Defendant") for unlawfully distributing and otherwise trafficking in Pirate Software[1].

As a result of Defendant's failure to answer Plaintiffs' Complaint, or otherwise appear in this action, the Court accepts as true the following well-pleaded allegations in Plaintiffs' Original Complaint:

A.      DISH Network is a multi-channel video provider that delivers video, audio, and data services to customers throughout the United States, Puerto Rico, and the U.S. Virgin Islands via a direct broadcast satellite system.  (Dkt. #1-3, ¶12.)

---

[1] As used herein, the term "Pirate Software" shall mean any software, code, files, or firmware that is designed, marketed, intended, distributed or used for decrypting scrambled or encrypted DISH Network satellite television programming without authorization from DISH Network or programming a satellite receiver to enable the reception and processing of encryption control words for the DISH Network conditional access system.

B.    DISH Network contracts for and purchases the distribution rights for most of the programming broadcast on the DISH Network platform from providers such as network affiliates, motion picture distributors, pay and specialty broadcasters, cable networks, sports leagues, and other holders of programming rights.  (*Id.* ¶14.)

C.    The works broadcast on the DISH Network platform are copyrighted.  DISH Network has the authority of the copyright holders to protect these works from unauthorized reception and viewing.  (*Id.* ¶15.)

D.    Defendant violated federal laws by manufacturing, distributing, promoting, installing, and/or using pirate tools and software that enable end-users to circumvent DISH Network's security technology and decrypt DISH Network programming without authorization and without payment of the required subscription fee.  (*Id.* ¶2.)

Plaintiffs submitted evidence that Pirate Software was posted at least 282 times on www.aaafta.com ("aaafta.com"), and downloaded 20,069 times by end-users of aaafta.com. Defendant is the owner and operator of aaafta.com.  (*Id.* ¶29.)  The Pirate Software is designed to circumvent DISH Network's security system, and is primarily of assistance in the unauthorized decryption and reception of DISH Network's satellite transmissions of television programming. Pursuant to section 1201(a)(2) of the Digital Millennium Copyright Act, Plaintiffs are entitled to a minimum of $200.00 in statutory damages for each time Defendant's Pirate Software was provided to or downloaded by an end-user on aaafta.com.

## II.    PERMANENT INJUNCTION

Upon default of the Defendant, the Court, having reviewed the evidence and arguments in this matter hereby ORDERS and ADJUDGES as follows:

**ORDERED** that Defendant and any of his agents, servants, employees, and those acting in active concert or participation with him who receive actual notice of this Order are permanently enjoined and must restrain from directly or indirectly:

A.      Offering to the public, providing, modifying or otherwise trafficking in any Pirate Software, or any other satellite pirating device, product, service, component, technology, or part thereof;

B.      Assembling, modifying, selling, advertising, marketing, possessing, transporting, and/or distributing through any means any Pirate Software, or any other satellite pirating device, product, service, component, technology, or part thereof;

C.      Destroying, hiding or removing all records, in any form (including electronic form), that evidence, refer, or relate to Pirate Software; communications or correspondence with the owners or operators of satellite related websites, suppliers or distributors Pirate Software, or any other satellite pirating device, product, service, component, technology, or part thereof, purchasers or recipients of pirate software, devices, hardware, or other equipment, or services or know-how concerning satellite television  piracy; the identity of any designers, developers, or distributors of Pirate Software; and the identity and quantity of all Pirate Software distributed by Defendant;

D.      Receiving or assisting others in receiving (including but not limited to assistance offered by providing web posts, MSN chats, email, hypertext links, or banner advertising) of Plaintiffs' electronic communications without Plaintiffs' authorization;

E.      operating any website or URL that markets, promotes, distributes or provides any information or discussion forums related to the Pirate Software which Defendant is permanently enjoined from manufacturing, promoting, distributing or trafficking in pursuant to section (II)(A)-(D) above of this Final Judgment, Permanent Injunction, and Order for Seizure, Impoundment, and Turnover;

F.      This Permanent Injunction takes effect immediately; and

G.      Should Defendant breach any part of this Final Judgment, Permanent Injunction, and Order for Seizure, Impoundment, and Turnover, he shall be subject to damages in the amount of $110,000 for each such breach or violation, which is the maximum statutory damage permitted per violation under 47 U.S.C. § 605(e)(3)(C)(i)(II).   For purposes of assessing damages under this section, each Pirate Software file that is distributed by Defendant or others acting in active participation or concert with Defendant in violation of this Final Judgment, Permanent Injunction, and Order for Seizure, Impoundment, and Turnover shall constitute a separate and discrete violation.  Each time that Pirate Software file is downloaded by an end-user shall constitute a separate and discrete "violation" for purposes of quantifying damages set forth in this section;

## III.     FINAL JUDGMENT AND ORDER FOR SEIZURE, IMPOUNDMENT, AND TURNOVER

A.      The Court further ORDERS judgment in favor of Plaintiffs DISH Network L.L.C., EchoStar Technologies L.L.C. and NagraStar LLC on each of Plaintiffs' claims under 47 U.S.C. §§ 605(a), 605(e)(4), 18 U.S.C. § 2511(1)(a), and 17 U.S.C. §§ 1201(a)(1), 1201(a)(2) (Counts 1-5 in Plaintiffs' Complaint);

$ 4,013,800. 00

B.      The Court awards Plaintiffs statutory damages in the amount of ~~$4,103,800.00~~ as to Defendant on Plaintiffs' claim under 17 U.S.C. §1201(a)(2);

C.      The Court further ORDERS Defendant and all others who receive notice of this order, including but not limited to domain hosts and/or website hosts, to transfer the domain name www.aaafta.com to plaintiff NagraStar LLC, or such other person or entity that NagraStar LLC designates;

D.      The Court retains jurisdiction over this action for the purposes of enforcing this Final Judgment, Permanent Injunction, and Order for Seizure and Impoundment; and

E.      This is a final judgment.  Any and all relief not expressly granted herein is denied. It is so ORDERED.

SIGNED and ENTERED this 24th day of August , 2011.

Barbara B Crabb

United States District Court Judge